**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-1777**

_____

MAHESH C. SIKKA,

Plaintiff - Appellant,

versus

DONALD H. RUMSFELD; DEPARTMENT OF DEFENSE,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David G. Lowe, Magistrate Judge.  (CA-02-235-3)

_____

Submitted:  May 5, 2004                    Decided:  June 2, 2004

_____

Before KING, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mahesh C. Sikka, Appellant Pro Se.  Robert P. McIntosh, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mahesh C. Sikka appeals the magistrate judge's grant of summary judgment for the Government on his retaliation and hostile work environment discrimination claims.[*]  We affirm.

We review a grant of summary judgment de novo. Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).  Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).  We must view the factual evidence, and all justifiable inferences drawn therefrom, in the light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

We conclude that viewing the evidence in a light most favorable to Sikka, the Government is entitled to summary judgment on his hostile work environment and retaliation claims as a matter of law.  Accordingly, we affirm the decision of the magistrate judge.  We grant Sikka's motion to file an oversize informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1]The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) (2000).